# In the United States District Court
# for the Southern District of Georgia
# Savannah Division

| | |
|---|---|
| THE CINCINNATI INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>v.<br><br>THUNDERBOLT HARBOUR PHASE II CONDOMINIUM ASSOCIATION, INC., and MICHAEL F. RYAN, in his Capacity as an Officer, Director, and/or sole Member For the Board of Directors of Thunderbolt Harbour Phase II Condominium Association, Inc.,<br><br>    Defendants. | CV 414-222 |

### ORDER

Cincinnati Insurance Company ("Cincinnati") has brought an action for declaratory judgment, a declaration that it owes neither defense nor indemnity to Michael F. Ryan under an insurance policy (Dkt. no. 1). That policy was issued to Thunderbolt Harbor Phase II Condominium Association, Inc. ("Thunderbolt") (Dkt. no. 1-1). Thunderbolt now seeks a stay of the declaratory judgment action pending further proceedings in Georgia State Court (Dkt. no. 23). Upon due consideration, the Court **DENIES** Thunderbolt's Motion to Stay.

1

## BACKGROUND

In 2010, Thunderbolt sued Ryan and others in Georgia State Court for claims arising from the construction of condominiums (Dkt. no. 1-4) ("underlying lawsuit"). On April 4, 2011, Ryan filed for bankruptcy (Dkt. no. 1-10), triggering an automatic stay of the underlying lawsuit. On April 28, 2011, Thunderbolt sought modification of the automatic stay in order to continue pursuing the underlying lawsuit (Dkt. No. 1-11). The bankruptcy court granted the modification, permitting Thunderbolt to continue pursuing the underlying lawsuit to collect against other defendants and any third party insurance (Dkt. no. 1-12 at 2). Ryan was later discharged from bankruptcy (Dkt. no. 26-1 at 2).

On October 3, 2014, Cincinnati filed this declaratory judgment action (Dkt. no. 1). It sought "a judgment declaring that it does not owe defense or indemnity to Defendant Michael F. Ryan." Id. at 1. Six months later, Thunderbolt filed this motion, hoping to stay the declaratory judgment action until the underlying lawsuit is resolved (Dkt. no. 23).

## DISCUSSION

"The Court should not exercise its power to stay proceedings lightly. When confronted with a motion to stay, the district court must consider its own interests in an orderly disposition of its caseload, and the parties' competing

2

interests in the two actions." Markel Int'l Ins. Co. v. O'Quinn, 566 F. Supp. 2d 1374, 1376 (S.D. Ga. 2008) (citation omitted). The power to stay a proceeding is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). A district court therefore has broad discretionary authority in determining whether a stay is appropriate. CTI-Container Leasing Corp. v. Uiterwyk Corp., 685 F.2d 1284, 1288 (11th Cir. 1982); see also Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1366 (11th Cir. 1997) ("[D]istrict courts enjoy broad discretion in deciding how best to manage the case before them."). In making its determination, a court may consider the prudential advantages of a stay, "but must also examine the relative prejudice and hardship worked on each party if a stay is or is not granted." Dise v. Express Marine, Inc., 2008 WL 2163920, at *3 (S.D. Ala. May 19, 2008).

The sole issue now before the Court is whether a stay would be appropriate in this declaratory judgment action. Thunderbolt presents only one argument that would justify a stay: that the underlying lawsuit has not yet reached a conclusion (Dkt. no. 24 at 4-5). It argues that, depending on the outcome of the underlying lawsuit, the issues in this declaratory judgment action "may never arise" and thus a stay is appropriate. Id. at

3

5. But this is primarily an argument from convenience, and not from the existence of any hardship. Thunderbolt has not even argued, let alone established, that it would suffer any harm or prejudice in the absence of a stay. See Garcia-Mir v. Meese, 781 F.2d 1450, 1453 (11th Cir. 1986) (discussing the required showing of harm to receive a stay pending appeal). It has failed to argue that Cincinnati will not suffer substantial harm if a stay is granted. See id. In the absence of argument from Thunderbolt, the Court can find no justification for granting it a stay.

Instead, Thunderbolt devotes much of its brief to arguing that the Court should refrain from considering the declaratory judgment action entirely, although it does not request such a ruling. But this implicit argument is unconvincing. The Declaratory Judgment Act is "an enabling Act, which confers a discretion on courts rather than an absolute right upon the litigant." Wilton v. Seven Falls Co., 515 U.S 277, 287 (1995) (citations omitted). The Act "only gives the federal courts competence to make a declaration of rights; it does not impose a duty to do so." Ameritas Variable Life Ins. Co. v. Roach, 411 F.3d 1328, 1330 (11th Cir. 2005). The act merely provides courts with the ability, but not the duty, to declare the rights of parties. Id. But "'it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory

4

judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties.'" Storick v. CFG, LLC, 505 F. App'x 883, 883-84 (11th Cir. 2013) (quoting Brillhart v. Excess Ins. Co. of Am., 316 U.S. 491, 495 (1942)).

Here, the two actions do not present the same issues. The underlying lawsuit involves torts such as negligence, breach of warranty, breach of fiduciary duty, and more (Dkt. no. 1-4). The only issue in the declaratory judgment action is whether Cincinnati owes a defense or indemnity to Ryan (Dkt. no. 1 at 1).[1] Because the two actions do not present the same issues, the existence of the underlying lawsuit does not weigh against the Court's consideration of the declaratory judgment action. For the same reason, a stay would also be inappropriate. See Am. Econ. Ins. Co. v. Traylor/Wolfe Architects, Inc., 2014 WL 3867642, at *2 (M.D. Fla. Aug. 6, 2014) ("[T]his case deals with a question of insurance contract law, while the state case presents a question of tort law. A stay is therefore inappropriate.").

---

[1] Even if the Court were to assume, *arguendo*, that the two actions did share the same issues, such a similarity would not compel a stay of the declaratory judgment action—it would rather suggest its dismissal. See Fed. Reserve Bank of Atlanta v. Thomas, 220 F.3d 1235, 1246 (11th Cir. 2000) ("[A] district court may exercise its discretion . . . to dismiss a declaratory judgment action in favor of a pending state court lawsuit involving the same parties and the same issues of state law."). But Thunderbolt has not sought dismissal.

5

## CONCLUSION

Thunderbolt has not established that a stay is necessary in this declaratory judgment action. Therefore, for the reasons outlined above, the Court **DENIES** Thunderbolt's Motion to Stay (Dkt. no. 23).

**SO ORDERED**, this 1ST day of July, 2015.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA